**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ROBIN AMERICAN CORPORATION, Respondent.**

No. 79–4064.

United States Court of Appeals, Fifth Circuit.*
Unit B

Feb. 16, 1982.

Elliott Moore, Deputy Assoc. Gen. Counsel, William A. Lubbers, Gen. Counsel, John E. Higgins, Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, David S. Fishback, Atty., N. L. R. B., Washington, D. C., for petitioner.

Muller, Mintz, Kornreich, Caldwell & Casey, Herbert B. Mintz, Miami, Fla., for respondent.

Before GODBOLD, Chief Judge, MORGAN and HENDERSON, Circuit Judges.

(On Petition for Rehearing)

GODBOLD, Chief Judge:

We grant Robin American's petition for rehearing in order to consider the effect on the Board's order of the Supreme Court's recent decision in *First National Maintenance Corp. v. NLRB*, 452 U.S. 666, 101 S.Ct. 2573, 69 L.Ed.2d 318 (1981), rendered after oral argument was held in this case.

In *First National Maintenance* the Supreme Court held that an economically-motivated decision to shut down part of a business is not one of the mandatory subjects of bargaining; therefore, the refusal to bargain over such a shutdown does not violate the statutory duty to bargain and is not subject to the Board's remedial order. 452 U.S. at 671–686, 101 S.Ct. at 2577–2584, 69 L.Ed.2d at 327–336. The Court limited its holding to economically-motivated shutdowns, though, specifically noting that "the union made no claim of anti-union animus." Id. 452 U.S. at 687, 101 S.Ct. at 2585, 69 L.Ed.2d at 336.

In this case, we have upheld the Board's finding that the closing of RA's slider department was done "for anti-union motives." 654 F.2d 1022, 1025. The ALJ failed to offer any remedy for RA's decision to close the slider department without first bargaining with the union. The Board corrected this defect with the following order:

* Former Fifth Circuit case, § 9(1) of Public Law 96–452—October 14, 1980.

Robin American ... shall cease and desist from ... closing any department or discontinuing any operation or type of work without notifying and bargaining with the aforenamed Union.

RA argues for the first time in its petition for rehearing that this order to bargain over any shutdown is in conflict with *First National Maintenance.*

 We must first decide whether we may consider this objection in the light of 29 U.S.C. § 160(e) which provides that "[n]o objection that has not been urged before the Board ... shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." The Board contends that RA should have objected to this portion of the order in a motion for reconsideration before it and that the subsequent pronouncement of a new doctrine is not an "extraordinary circumstance" that justifies the failure to so present the objection. *See e.g., NLRB v. Newton-New Haven Co.,* 506 F.2d 1035, 1038 (2d Cir. 1974); *NLRB v. Pinkerton's National Detective Agency,* 202 F.2d 230, 232–33 (9th Cir. 1953). This case does not involve the simple pronouncement of a new doctrine, however, but an overruling of a previously controlling one. As the Supreme Court explained in its opinion, the Fifth Circuit had "imposed a [general] duty to bargain over partial closing decisions. *See NLRB v. Winn-Dixie Stores, Inc.,* 361 F.2d 512, *cert. denied,* 385 U.S. 935, 87 S.Ct. 295, 17 L.Ed.2d 215 (1966)." 452 U.S. at 673, 101 S.Ct. at 2577, 69 L.Ed.2d at 327. Therefore, at the time the Board issued its order the objected-to portion was fully in accord with Fifth Circuit precedent. It would have been futile, if not frivolous, for RA to object before the Board. This presents an extraordinary circumstance justifying the failure to object until now.

Under *First National Maintenance* the Board's order is clearly too broad. Although the closing of the slider department was motivated by anti-union animus and thus enforcement of the order with respect to the slider department would not conflict with *First National Maintenance,* the Board's order was not so limited. Rather, it extends to all future closings of any department for any reason, including economically-motivated closings.

The portion of the Board's order discussed herein may be enforced only with respect to the particular closing of the slider department litigated in this case. The Board's order is ENFORCED AS SO MODIFIED, and with the exception concerning the discharge of Izquierdo discussed in the main opinion.