**Kenneth G. THOMPSON, Jr., Plaintiff–Appellant,**

v.

**Robert E. MONTGOMERY, et al., Defendants–Appellees.**

No. 88–2377.

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1988.

---

Kenneth G. Thompson, Jr., Lovelady, Tex., pro se.

Before WILLIAMS, JONES, and SMITH, Circuit Judges.

BY THE COURT:

On June 8, 1988, this Court dismissed the appeal in this pro se prisoner civil rights suit because the notice of appeal was not filed within the time prescribed by Fed.R. App.P. 4(a)(1). On June 24, 1988, the appellant filed a petition for rehearing alleging that he had placed his notice of appeal in the prison mail box on February 28, 1988, in time to reach the district court by March 2, 1988, the last day for filing a timely notice of appeal. The jurisprudence of this Court, up to that date, would have compelled a denial of the rehearing. *See Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d 521, 522 (5th Cir. 1980) (deposit of notice of appeal into mail not the equivalent of filing it).

On the same day Thompson filed his petition for rehearing, the Supreme Court issued its decision in *Houston v. Lack,* —— U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In *Houston* the Court held that a prisoner's notice of appeal is timely if it is delivered to the prison authorities, for forwarding to the Clerk of Court, within the time prescribed by Rule 4(a)(1). *Id.* 108 S.Ct. 2383. In *Houston,* the prisoner was able to prove from prison mail logs that he had delivered the notice of appeal to the prison mail room within the time for filing an appeal. In Thompson's case, however, Thompson's assertion that he mailed the notice of appeal on time is unsupported by the record.

In response to *Houston v. Lack,* we GRANT the petition for rehearing, WITHDRAW the opinion of June 8, 1988, and REMAND to the district court to determine if the notice of appeal should be deemed timely. Upon making the determination, the district court shall return the case to this Court for further proceedings or dismissal, as may be appropriate.