**Chester LOGAN d/b/a A H & A Distributing a/k/a Hussien Ali, Plaintiff-Appellant,**

v.

**CENTRAL FREIGHT LINES, et al., Defendants-Appellees.**

No. 88-5571.

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1988.

Chester Logan, Texarkana, Tex., pro se.

Benjamin N. Hamilton, Waco, Tex., for Cent. Freight, Callan & Rodriguez.

Steven W. Arronge, City Atty.'s Office, San Antonio, Tex., for Perales & Ellis.

Ricardo J. Navarro, Asst. Dist. Atty., San Antonio, Tex., for Cade & Sifuentes.

Before GEE, RUBIN, and SMITH, Circuit Judges.

PER CURIAM:

■ Appellees John Cade and Ben Sifuentes have filed a motion to dismiss the appeal on the ground that appellant's notice of appeal was untimely. Judgment was signed on June 6, 1988, and entered on June 7, 1988; the notice of appeal, hence, was due to be filed by the thirtieth day from June 7, 1988, which was July 7, 1988. *See United States v. Doyle,* 854 F.2d 771, 772 (1988). However, the clerk did not receive the notice until July 12, 1988. The notice states, "RESPECTFULLY submitted this 7th day of July 1988, on which date a copy hereof was mailed to counsel of record for the defendants."

■ The deadline for filing notice of appeal is jurisdictional and is to be strictly construed, *see United States v. Doyle,* and as to most appellants the failure to put the notice into the hands of the clerk by the thirtieth day would be fatal. Here, however, the appellant is a *pro se* prisoner. Recently, the Supreme Court held that a prisoner's notice of appeal in a civil case is deemed timely filed if it is delivered to prison authorities, for forwarding to the district court, on or before the thirtieth day following entry of judgment. *Houston v. Lack,* — U.S. —, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

■ Here, the appellant should be given the opportunity to make the requisite showing. For example, he can make use of the prison mail logs to prove that he tendered the notice of appeal, for mailing, on or before the deadline. *See Thompson v. Montgomery,* 853 F.2d 287 (5th Cir.1988).

We REMAND this matter to the district court to make the factual findings from which we can determine whether, under *Houston v. Lack,* the notice of appeal should be deemed timely. Upon making these findings, the district court shall return the case to this court for further proceedings or dismissal, as may be appropriate.