United States Court of Appeals,

Fifth Circuit.

No. 92-4127.

Lawrence Edward THOMPSON, Plaintiff-Appellant,

v.

Kerry RASBERRY, et al., Defendants-Appellees.

June 23, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before WISDOM and DAVIS, Circuit Judges, and SCHWARTZ[*], District Judge.

PER CURIAM:

This is an appeal from a district court order adopting a United States Magistrate Judge's Report and Recommendation dismissing appellant's civil rights suit. The only issue raised on appeal is whether the district court properly refused to consider as untimely appellant's written objections to the magistrate's proposed findings and recommendation.[1] The appellant, proceeding pro se and in forma pauperis, is a state prisoner incarcerated at a correctional institution in Texas. Finding that the appellant should be provided with an opportunity to show that his written objections were delivered to prison officials for mailing prior to expiration of the district court's deadline. We vacate the order dismissing appellant's lawsuit and remand the case for a determination of timeliness.

---

[*]Senior District Judge of the Eastern District of Louisiana, sitting by designation.

[1]The appellees, in this matter, failed to file a brief in opposition to the appeal.

## I. BACKGROUND

Appellant-prisoner Lawrence Edward Thompson instituted this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to a magistrate judge in accordance with 28 U.S.C. § 636(b)(1) & (3) and the local rules of the Eastern District of Texas. After an evidentiary hearing, the magistrate judge issued findings and recommended that the lawsuit be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). The magistrate's report further advised Thompson that failure to file written objections within ten days after being served with a copy of the report would bar de novo review by the district court of the proposed findings and recommendations as well as appellate review of factual findings except in the case of plain error or manifest injustice.

Thompson acknowledged receipt of the magistrate's report on October 24, 1991. Prior to the passage of the district court's November 4, 1991 deadline for filing written objections, Thompson filed a motion to extend the deadline. The district court granted the extension and reset the deadline for filing written objections to November 20, 1991. Thompson alleges that he attempted to mail his written objections to the clerk of court on November 18, 1991 by placing the written objections in an envelope supplied by the clerk and depositing the envelope in the mailbox assigned for outgoing prisoner mail. He further alleges that prison authorities attempted to return the envelope to him on December 4, 1991, citing his failure to place his name and prisoner number on the envelope.

Thompson claims he refused to accept the envelope without a written explanation from prison authorities concerning why the

envelope had not been mailed. Prison officials apparently provided the appellant with a signed statement on December 5, 1991 at which time he took possession of the envelope. Appellant mailed the written objections for a second time on December 9, 1991. They were received by the clerk of court on December 12, 1991—twenty-two days after the Court's deadline for receiving written objection had passed.

On December 13, 1991, the district court adopted the magistrate judge's report and recommendation and issued an order dismissing plaintiff's complaint as frivolous. The district court entered its final judgment on the same day. Although it did not specifically acknowledge receipt of the written objections, the district court found that no written objections had been timely filed. The district court, subsequently, denied appellant's motion for reconsideration without addressing the circumstances surrounding the filing of his written objections.

## II. DISCUSSION

Thompson argues on appeal that the district court's order dismissing the lawsuit was improper because the court failed to review his written objections. To support his contention, Thompson cites *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) and *Logan v. Central Freight Lines,* 858 F.2d 993 (5th Cir.1988) (per curiam) for the proposition that a pro se prisoner plaintiff's written objections to a magistrate's report and recommendation are timely filed if they are handed to prison officials prior to the expiration of the district court's deadline. Although neither case stands squarely for the cited proposition, We

believe Thompson's argument has merit.

In *Houston,* the Supreme Court "held that a prisoner's notice of appeal in a civil case is deemed timely filed if it is delivered to prison authorities, for forwarding to the district court, on or before the thirtieth day following entry of judgment." *Logan,* 858 F.2d at 994. The Court's willingness to forego technical filing requirements in lieu of a bright line mailbox rule for pro-se prisoners was prompted by its concern that, in the absence of such a rule, the rights of prisoners could be unfairly prejudiced due to their status. The Supreme Court reasoned that, unlike other litigants, prisoners are forced to rely exclusively on prison authorities to mail documents in a timely manner and thus lack the wherewithal to take the same precautions as other litigants for ensuring that a particular document is received by the clerk of court prior to the passage of a court appointed deadline.[2] *Houston,* 407 U.S. at 270-76, 108 S.Ct. at 2382-85; *see also Thompson v. Montgomery,* 853 F.2d 287 (5th Cir.1988) (per curiam); *Miller v. Sumner,* 872 F.2d 287 (9th Cir.1989) (remanding case to the district court for a determination of whether a notice of appeal was delivered to prison authorities on time); *cf. United States v. Leonard,* 937 F.2d 494, 495 (10th Cir.1991) (finding *Houston* was inapplicable where prisoner did not rely on prison officials for mail delivery).

---

[2]For example, the Court noted the following distinctions: (1) prisoners are unable to personally travel to the court house to see that notice is stamped; (2) prisoners are unable to choose the type of mail carrier or form of service; and (3) prisoners are unable to follow up on the progress of their mail by contacting the court house or mail carrier.

Pro se prisoners filing written objections to a magistrate's report and recommendation pursuant to F.R.C.P. Rule 72(b) are subject to the same conditions and limitations of confinement as a prisoner filing a notice of appeal. Moreover, the time within which to file and serve written objections to a magistrate's report and recommendation is substantially shorter in duration than the time within which to file a notice an appeal. There is thus no reasonable basis upon which to distinguish the ruling in *Houston* from the facts of this case.[3] We therefore hold that, for purposes of F.R.C.P. 72(b), a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court. This ruling, however, does not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner. *See Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). Failure to stamp or properly address outgoing mail or to follow *reasonable* prison regulations governing prisoner mail does not constitute

---

[3]Other courts have extended the bright line mailbox rule in *Houston* to contexts outside notices of appeal. *See Ortiz v. Cornetta,* 867 F.2d 146, 148-49 (2d Cir.1989) (extending the mailbox rule to the filing of complaints for statute of limitation purposes); *Smith v. Evans,* 853 F.2d 155 (3rd Cir.1988) (finding the reasoning in *Houston* to be indistinguishable in the context of F.R.C.P. Rule 59(e)); *Moskovits v. Drug Enforcement Admin.,* 774 F.Supp. 649, 653 (D.D.C.1991) (extending the mailbox rule to the filing of an affidavit with the Drug Enforcement Administration for forfeiture purposes; *cf. Allen v. Wood,* 964 F.2d 745 (8th Cir.1992) (filing in habeas case does not occur until petitioner has either paid filing fee or been granted leave to proceed in forma pauperis even if petition delivered to prison official in timely fashion).

compliance with this standard.

Since the district court did not provide the appellant with an opportunity to prove that his written objections were filed in a timely manner, We VACATE its order dismissing appellant's lawsuit and REMAND the case to the district court for a determination of timeliness. If Thompson delivered his written objections to prison officials on or before November 20, 1991, the district court should then consider his written objections in determining whether to accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions. If Thompson failed to file his objections in a timely fashion, the district court may disregard those objections and reinstate its prior judgment.