35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene L.M. WALKER, Plaintiff-Appellant,
v.
CITY OF LAKEWOOD; Thomas O'Grady; Alan Clark; City of
Cleveland; Samuel Henney; Frank Skinder,
Defendants-Appellees.
 No. 93-4239.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a summary judgment for the defendants in a prisoner civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, Eugene Walker filed a civil rights complaint against the City of Lakewood [Ohio], the City of Cleveland [Ohio], and two police officers from each of these cities. The matter was referred to a magistrate judge for consideration of defendants' motion for summary judgment several years later. The magistrate ultimately recommended that the motion be granted and the district court adopted this recommendation in the absence of any timely filed objections by Walker. This appeal followed. The parties have briefed the issues; Walker is proceeding without benefit of counsel.
 
 
 3
 Walker filed a complaint in 1987 under various federal civil rights statutes and state law, contending that the named defendants conspired to commit a number of racially-motivated constitutional torts against him. The matter was referred some years later to a magistrate judge for consideration of the defendants' motion for summary judgment. The magistrate recommended that the motion be granted and informed Walker, pursuant to Thomas v. Arn, 474 U.S. 140 (1985), that he had ten days to file any objections he might have if he wished to preserve his appellate rights. Walker did not file his objections within the deadline; instead, he sought an extension of time to file. The district court granted Walker's request, giving him until February 5, 1993, to file his objections. Walker's objections were not filed with the court until February 9, 1993. The case was thereafter transferred from Judge Battisti to Judge Matia. Several months later Judge Matia entered an order adopting the magistrate's report and recommendation for Walker's failure to file objections within the extension granted earlier by Judge Battisti. Walker filed a notice of appeal followed three days later by a document construed by the district court as objections. Walker accompanied this document with a sworn affidavit in which he stated that he delivered his objections to prison officials for mailing on February 2, 1993, three days before the expiration of the deadline.
 
 
 4
 On appeal, Walker suggests that his objections may have been timely filed under the principle first announced in Houston v. Lack, 487 U.S. 266 (1988). This argument has merit.
 
 
 5
 In Houston, the Supreme Court held that a prisoner's notice of appeal will deemed timely filed if it is delivered to the proper prison authorities for forwarding to the district court within the time allotted for an appeal. The Court was concerned that a prisoner might suffer undue prejudice owing to his status and lack of freedom to take the same precautions available to non-incarcerated litigants. Id. at 270-76. The rule is not jurisdictional; a court of appeals may choose not to apply the rule if in the interests of justice. Thomas v. Arn, 474 U.S. 140, 155 (1985).
 
 
 6
 At least three other circuits have published decisions in which they have extended the rule of Houston either to all prisoner mail room filings in general or to objections to magistrate reports specifically. See Thompson v. Rasberry, 993 F.2d 513, 515 (5th Cir.1993) (per curiam) (objections); Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir.1993) (all filings); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990) (objections). These decisions, and the possible inequity of the situation, lead us to conclude that the prison mail room filing rule of Houston should be applied to save Walker's objections if it is found that he did deliver them to prison mail room personnel in a proper manner before the February 5, 1993, deadline. As the district court did not consider any possible factual disputes in this context, however, the cause must be remanded for further proceedings.
 
 
 7
 Accordingly, the district court's judgment is vacated and the cause remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.