IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30175
Conference Calendar
_____


JEAN ALLEN ROUX,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-618
- - - - - - - - - -
August 18, 1998
Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

    Jean Allen Roux, #109227, requests that this court grant him

a certificate of appealability (COA) from the denial of his 28

U.S.C. § 2254 petition.  Because Roux filed his § 2254 petition

in March 1997, the COA requirement of the Antiterrorism and

Effective Death Penalty Act applies to his case.  Green v.

Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997).  A COA may be

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

issued only if the prisoner has made a "substantial showing of the denial of a constitutional right."  § 2253(c)(2).

This court must examine the basis of its jurisdiction, on its own motion, if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  A timely notice of appeal is a prerequisite for the exercise of jurisdiction by this court.  United States v. Carr, 979 F.2d 51, 55 (5th Cir. 1992).  Rule 4(a)(1), FED. R. APP. P., requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which appeal is taken.

A prisoner's pro se notice of appeal is deemed filed when delivered to the prison authorities for mailing to the court clerk.  See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).  "Timely filing may be shown by a notarized statement or by a declaration [under penalty of perjury] setting forth the date of deposit and stating that first-class postage has been prepaid."  Fed. R. App. P. 4(c).  Roux's notice of appeal contained no notarized statement or declaration under penalty of perjury setting forth the date it was submitted for mailing and that first-class postage had been prepaid as required by Fed. R. App. P. 4(c).  Because it cannot be determined from the record when Roux delivered the notice of appeal to prison authorities, the case is REMANDED to the district court to make such a determination.  See Thompson v. Montgomery, 853 F.2d 287, 288 (5th Cir. 1988).  The court should make the determination

promptly and return the case to this court for dismissal or further processing, as may be appropriate.

REMANDED.