IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11457
Summary Calendar
_____


RAYMOND GONZALES,

                                        Plaintiff-Appellant,

versus

ERNEST D. IVEY;
RAYMOND E. RAMSEY; JEREMY W. YOUNG,

                                        Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:98-CV-125

--------------------

September 16, 1999

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    IT IS ORDERED that Texas state prisoner #617344 Raymond
Gonzales's appeal from the district court's denial of leave to
appeal in forma pauperis (IFP) is DENIED, because the appeal
lacks arguable merit and is therefore frivolous.  See Baugh v.
Taylor, 117 F.3d 197, 202 (5th Cir. 1997); Howard v. King, 707
F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is
frivolous, IT IS FURTHER ORDERED that the appeal is DISMISSED and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gonzales's motions for the appointment of counsel and supplementation of the record are DENIED. See 5th Cir. R. 42.2.

Gonzales filed a civil rights action alleging that he was denied due process relative to a prison disciplinary hearing. After the district court ordered him to provide relevant information via a questionnaire, Gonzales filed a seven-page "motion for relief from court orders." Therein he asserted that he was unable to comply with the court's orders because he is inarticulate, is uneducated in law, lacks adequate access to legal materials, and lacks access to legal assistance.

The district court dismissed the action on grounds that Gonzales had failed to file answers to the questionnaire as directed. Gonzales then moved to reinstate the action, asserting that he had given the questionnaire to another inmate to answer and to mail to the court for him. The district court denied Gonzales's motion, on grounds that he had not done all that he reasonably could have done to ensure that the questionnaire was received by the clerk of court. See Thompson v. Rasberry, 993 F.2d 513, 515 (5th Cir. 1993).

Gonzales should not have given the questionnaire to another inmate to answer, because its questions involved facts personal to Gonzales, which another inmate would not be cognizant of. Moreover, Gonzales never has attempted to file another such questionnaire, which he could have asked the court to send him. Finally, Gonzales has failed to refute the district court's finding that his reliance on another inmate to mail the questionnaire to the court was not a reasonable step to ensure

compliance with the court's order.  Accordingly, we find no error

in the district court's certification that Gonzales's appeal

lacks good faith.  See Baugh, 117 F.3d at 202; Graves v. Hampton,

1 F.3d 315, 319 (5th Cir. 1993).

IFP DENIED; MOTION TO SUPPLEMENT THE RECORD DENIED; MOTION

FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.