IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40276
(Summary Calendar)

_____


BRIAN KEE McPHERSON,

                                        Plaintiff-Appellant,

versus

SUSANNE ZAMORA; ROBERT MADDOX, Assistant Attorney General,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
C-99-CV-475
--------------------
August 18, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Brian Kee McPherson, Texas prisoner #
390173, appeals the magistrate judge's order dismissing McPherson's
42 U.S.C. § 1983 complaint as frivolous.  There is a question
whether McPherson's notice of appeal, to which McPherson did not
affix a date, was timely.  The district court's final judgment was
entered on February 9, 2000.  McPherson thus had to file his notice
of appeal by March 10, 2000, see Fed. R. App. P. 4(a)(1)(A), unless
the period was suspended by filing a postjudgment motion described
in Fed. R. App. P. 4(a)(4).  McPherson's undated notice of appeal

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was received and stamped filed by the district court on March 16, 2000; his undated objections challenging the merits of the dismissal order were received and stamped filed by the district court on February 28, 2000.

If McPherson deposited his notice of appeal in the prison mail system within 30 days from the final judgment, his notice of appeal would be timely. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 270 (1988). If he deposited the objections to the dismissal order in the prison mail system within 10 days of the final judgment, i.e., on or before February 24, 2000, the magistrate judge should consider the objections to be a Fed. R. Civ. P. 59(e) motion, which suspends the time for filing a notice of appeal until the motion is ruled upon. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986) (en banc); Fed. R. App. P. 4(a)(4); see also Fed. R. Civ. P. 6(a).

Accordingly, this case is remanded for a determination whether McPherson's notice of appeal was timely filed. See Thompson v. Montgomery, 853 F.2d 287, 288 (5th Cir. 1988). If the objections were deposited in the prison mail system within 10 days of the entry of judgment, the magistrate judge should address the pleading as a Rule 59(e) motion. If the magistrate judge denies the motion, this case should be returned to this court for further proceedings or dismissal. If the magistrate judge grants relief in response to the Rule 59(e), the notice of appeal is moot.

If McPherson's objections were not deposited in the prison mail system on or before February 24, 2000, the magistrate judge must determine whether the notice of appeal was deposited in the prison mail system on or before March 10, 2000. If the magistrate judge determines that the notice was timely submitted for mailing, the case should be returned to this court for further proceedings. If the notice was not timely, the case should be returned for dismissal.

REMANDED WITH INSTRUCTIONS.