# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-11390
Summary Calendar

_____

RANDELL JOSEPH REDMOND,

Plaintiff-Appellant,

versus

RICHARDSON, Nurse; K. RATNARAWAH, Doctor;
REVELL, Doctor; WILLIAMS, Boot Factory,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(2:97-CV-266)

_____

October 30, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Randell Joseph Redmond, a Texas prisoner (# 727110), appeals from his *pro se*, *in forma pauperis* civil rights action being dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), following a hearing pursuant to ***Spears v. McCotter***, 766 F.2d 179 (5th Cir. 1985).

If necessary, this court must determine *sua sponte* whether it has appellate jurisdiction. ***Mosley v. Cozby***, 813 F.2d 659, 660

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1987). This case was remanded to the district court to determine whether Redmond's notice of appeal was filed untimely. The district court has made the requested findings.

Redmond was required to submit his notice of appeal to prison authorities for mailing to the district court clerk within 30 days after the district court entered judgment. See FED. R. APP. P. 4(a)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). This rule "does not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner". *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993). "Failure to stamp or *properly address* outgoing mail ... does *not* constitute compliance with this standard." *Id.* (emphasis added). Redmond improperly addressed his notice of appeal when he initially attempted to send it to the district court clerk; by the time he properly addressed it and submitted it to prison authorities for mailing, it was untimely. Accordingly, this appeal is **DISMISSED** for lack of jurisdiction. *See Smith v. Smith*, 145 F.3d 335, 339 (5th Cir. 1998) ("filing of a timely notice of appeal is mandatory and jurisdictional").

*DISMISSED*

2