United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20590
Summary Calendar

LARRY LEONARD HERRON,

Plaintiff-Appellant,

versus

PATROLMAN # 1; PATROLMAN # 2; DEPUTY,

Defendants-Appellees.

------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3415
------------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This court must examine the basis of its jurisdiction on its own motion if necessary. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). Rule 4(a)(1), FED. R. APP. P., requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment. In this civil rights action, the final judgment was entered on April 24, 2003. The final day for filing a timely notice of appeal was May 27, 2003. <u>See</u> FED. R. APP. P. 26(a)(3) (last day of period is excluded if it is Saturday,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sunday, or legal holiday).  Herron dated his pro se notice of appeal May 5, 2003 (within the appeal period), but the notice is stamped as filed on June 2, 2003 (outside the appeal period). A prisoner's pro se notice of appeal is deemed timely filed if deposited in the institution's internal mail system on or before the last day for filing.  See FED. R. APP. P. 4(c)(1).  As it cannot be determined from the record in this case whether Herron deposited his notice of appeal in the prison mail system on or before May 27, 2003, the case must be remanded to the district court to make such a determination.  See Thompson v. Montgomery, 853 F.2d 287, 288 (5th Cir. 1988).

Upon making this determination, the district court shall return the case to this court for further proceedings, or dismissal, as may be appropriate.

Herron's motion for appointment of counsel is DENIED at this time.

REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.