# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2010

No. 09-40756
Summary Calendar

Lyle W. Cayce
Clerk

DREAGLEN SYLVESTER DAVIS,

Plaintiff-Appellant

v.

TEXAS BOARD OF CRIMINAL JUSTICE; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE; BRAD LIVINGSTON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-237

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dreaglen Sylvester Davis, Texas prisoner # 1271774, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint wherein Davis complained that he was forced to work without compensation, he was subject to illegal strip searches, and his property was illegally confiscated. The district court dismissed Davis's claim that he was forced to work without compensation and granted summary judgment in favor of the defendants. Davis argues that he timely filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objections to the magistrate judge's report and recommendation. He contends that the district court failed to conduct a de novo review because it improperly found that objections were not timely filed.

Because Davis forwarded his written objections to prison officials within ten days[1] of receiving the magistrate judge's report, the objections were timely filed. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). Consequently, Davis should have been afforded de novo review by the district court, and our review on appeal is de novo. *See* 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The district court denied Davis's FED. R. CIV. P. 59(e) motion wherein Davis complained that the court failed to address his objections to the magistrate judge's report. In denying the motion, the court found that Davis failed to show the dismissal of his suit was erroneous and also denied all outstanding motions. The district court's denial of the Rule 59(e) motion indicates that a de novo review was conducted. Thus, any error in failing to consider Davis's objections is harmless. *See Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992).

Davis does not renew any of the substantive claims raised in the district court. By failing to brief any argument challenging the district court's reasons for dismissal, Davis has abandoned the only grounds for appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.

---

[1] The events in question took place prior to the amendments to 28 U.S.C. § 636 which changed the relevant time period to fourteen days effective December 1, 2009.