# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2013

Lyle W. Cayce
Clerk

No. 13-30054
Summary Calendar

ROBERT BRUCE,

Plaintiff-Appellant

v.

BODIE LITTLE; DANIEL ALSUP; SHERIFFS OFFICE OF WINN PARISH;
TOMMY FOSTER; WALTER HAMPTON; PHILLIP VINES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1541

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Franklin Bruce, Louisiana prisoner # 397176, filed a § 1983 complaint against several officials at the Winn Parish Jail. The district court dismissed the complaint with prejudice. Bruce filed what was effectively a motion under Rule 59(e) of the Federal Rules of Civil Procedure, which suspended the period to file a notice of appeal. *See Bass v. U.S. Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). The district court again entered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment dismissing the complaint with prejudice. Bruce filed a notice of appeal.

The timing of Bruce's notice of appeal raises a threshold question regarding this court's jurisdiction, which we must examine on our own motion, if necessary. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). In a civil case, the timely filing of a notice of appeal "is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

A party has 30 days from entry of judgment in a civil case to file a notice of appeal. FED. R. APP. P. 4(a)(1)(A). Although the appeal period was suspended when Bruce filed his motion for reconsideration, it began to run anew upon entry of the judgment disposing of that motion. *See* FED. R. APP. P. 4(a)(4)(A)(iv). The judgment was entered on December 5, 2012, making Bruce's notice of appeal due on January 4, 2013. It was not received until January 9, 2013.

Bruce is a prisoner, and therefore, his notice of appeal is deemed timely if deposited in the internal mail system on or before the filing deadline. *See* FED. R. APP. P. 4(c). Further, pro se prisoner pleadings in general are deemed filed at the time they are delivered to prison officials for mailing. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). However, the record does not indicate when Bruce deposited his notice of appeal in the prison's internal mail system or, alternatively, when he delivered it to prison officials for mailing. Thus, we cannot determine whether we have jurisdiction.

Accordingly, we hold the appeal in abeyance and remand for the limited purpose of determining when Bruce deposited his notice of appeal in the internal mail system or delivered it to prison officials for mailing.

APPEAL HELD IN ABEYANCE; LIMITED REMAND.