# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30707

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2015

Lyle W. Cayce
Clerk

CHRISTOPHER S. O'NEAL,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2513

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Christopher S. O'Neal, Louisiana prisoner # 339935, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition in which he challenged his conviction for second degree murder and the life sentence imposed. O'Neal argues that the district court erred in dismissing his federal petition as time barred.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30707

We review *de novo* a district court's order dismissing a federal habeas petition as time barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Causey v. Cain*, 450 F.3d 601, 603 (5th Cir. 2006). Factual findings underlying the legal ruling, however, are reviewed for clear error. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). The clear error standard of review "only requires a factual finding to be plausible in light of the record as a while." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2001).

AEDPA provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons who are in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the federal limitations period is tolled during the pendency of a properly filed state petition. 28 U.S.C. § 2244(d)(2). The timeliness of O'Neal's federal *habeas* petition therefore depends on the date of filing of his state petition. If, as he claims, O'Neal filed his state petition on September 30, 2011, tolling began on that date and his federal petition was timely when filed on September 17, 2012. If, on the other hand, O'Neal filed his state petition on October 3, 2011, the limitations period ended on September 13, 2012, and O'Neal's federal petition was time barred.

O'Neal's state petition was filed "*as of the moment* [it was] delivered to prison officials for mailing." *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011) (quoting *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)). After considering the evidence, the district court determined that moment to have occurred on October 3, 2011. This is a factual finding reviewable only for clear error.

No. 13-30707

The district court's conclusion, based on the prison mail room receipt showing that the documents were submitted to prison officials for mailing on October 3, 2011, is certainly plausible. The evidence that O'Neal has provided in support of his position is ambiguous at best. That his state court petition was dated September 30, 2011, does not serve as proof of when it was filed. That his request for funds to enable mailing of the petition was dated September 30, 2011, does not conclusively establish that filing in fact occurred on that day, especially when the same document also bears the date of October 4, 2011. O'Neal is correct that any delay on the part of prison officials in the handling of his mail cannot be held against him, but that the receipt for the mailing is dated October 3, 2011, does not establish that any such delay occurred.

Clear error review "is more than a rubber stamp." *United States v. Sanders*, 343 F.3d 511, 528 (5th Cir. 2003). After considering the record as a whole, we find that it is plausible, even likely, that O'Neal provided prison officials with his state petition on October 3, 2011. The judgment of the district court is therefore AFFIRMED.