# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2020

Lyle W. Cayce
Clerk

No. 19-41011
Summary Calendar

Mark Cliff Schwarzer,

*Plaintiff—Appellant*,

*versus*

Dale Wainwright, Chairman of the Board of Criminal Justice; Robert G. Beard, Jr., Former Warden of Stevenson Unit; Pamela R. Mendez-Banda, Unit Mailroom Employee; Bryan Collier, Executive Director, Texas Department of Criminal Justice; Jennifer Smith, DRC Program Supervisor,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:18-CV-34

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-41011

Mark Cliff Schwarzer, Texas prisoner # 1433741, appeals the dismissal of his 42 U.S.C. § 1983 complaint and the denial of his Federal Rule of Civil Procedure 59(e) motion to alter judgment. However, the issues Schwarzer raises on appeal concern the dismissal of his § 1983 action rather than the denial of his Rule 59(e) motion. As a threshold matter, this court "must examine the basis of its jurisdiction, on its own motion if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal in a civil case is a jurisdictional prerequisite. *See Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017).

Schwarzer's Rule 59(e) motion was entered on the district court's docket on November 4, 2019, which was after the October 30, 2019, deadline for filing the motion. *See* Fed. R. Civ. P. 59(e). However, under the prison mailbox rule, Schwarzer's Rule 59(e) motion is deemed filed on the date it was placed in the prison's mail system. *See Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009). The motion was dated October 30, 2019, but the record does not reveal when Schwarzer deposited it in the mail. It is therefore unclear whether his Rule 59(e) motion was timely filed. As a result, on the present record, this court cannot determine whether it has jurisdiction to review the underlying dismissal of Schwarzer's § 1983 complaint. *See* Fed. R. App. P. 4(a)(4)(A). Accordingly, we hold the appeal in abeyance and remand for the limited purpose of determining when Schwarzer placed his Rule 59(e) motion in the prison mail system. *See Thompson v. Montgomery*, 853 F.2d 287, 288 (5th Cir. 1988).

APPEAL HELD IN ABEYANCE; LIMITED REMAND.