United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-51188
_____

ANDRE HAYGOOD,

Petitioner-Appellee,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellant.

_____

On Appeal from the United States District Court for the
Western District of Texas, San Antonio Division
5:06-cv-00026-JWP

_____

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Director appeals from a magistrate judge's order granting in part and denying in part state prisoner Andre Haygood's habeas petition. The Director also appeals the magistrate judge's denial of its Rule 59(e) motion.

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Because the appeal from the original judgment was not timely filed, we DISMISS that portion of the appeal. We vacate and remand the denial of the Rule 59(e) motion, however, for further proceedings consistent with this opinion.

## I.

In 2002, Andre Haygood was sentenced to life in Texas state court for the murder of John Brown. He filed a motion for new trial, which the trial court denied. The motion was based on newly-discovered evidence, in which Mr. Haygood asserted that a man named Sean Jones, while incarcerated, told another inmate, Lucas Huckleberry, that someone other than Mr. Haygood had shot Mr. Brown, and that Mr. Haygood could not have done it. The state trial court held a hearing on the motion; Mr. Jones was furnished with a lawyer for that purpose. At the hearing, Mr. Jones invoked his Fifth Amendment right to avoid self-incrimination and refused to answer any questions. Mr. Huckleberry initially testified as to what Jones would have said about witnessing the murder of Mr. Brown. After extensive argument, the trial court denied Mr.

Huckleberry's testimony as inadmissible hearsay, holding that Mr. Jones's statements did not rise to the level of statements against his penal interest. Accordingly, the trial court denied Mr. Haygood's motion for new trial.

Mr. Haygood's conviction was affirmed on direct appeal; the Court of Criminal Appeals then refused his petition for discretionary review. In 2005, that same court denied his state application for habeas corpus without written order, based on the findings of the trial court.

Mr. Haygood then sought federal habeas relief, and both parties consented to proceed before a magistrate judge. He argued, inter alia, that his right to compulsory process under the Sixth Amendment should have overridden Mr. Jones's erroneous assertion of the Fifth Amendment right against self-incrimination. As he did on direct appeal, Mr. Haygood argues that the state court ruled inconsistently in permitting Mr. Jones to assert his Fifth Amendment privilege only to then rule that Mr. Huckleberry's testimony was inadmissible hearsay because Mr. Jones's statements were not against his penal

interest. Although the magistrate judge denied the majority of Mr. Haygood's habeas claims, it granted relief on the question of whether the trial court properly permitted Mr. Jones to assert his Fifth Amendment privilege with such broad scope. As a result, the magistrate judge declined to vacate Mr. Haygood's conviction, but instead conditioned habeas relief on the requirement that the state courts convene a proper inquiry into the legitimacy and scope of Mr. Jones's assertion of his Fifth Amendment privilege.

The judgment was entered June 30, 2006. On July 14, 2006, the Director filed a motion for an extension of time to file a Rule 59(e) motion to alter or amend the judgment. The magistrate judge granted the extension until July 27, 2006, at which time the Director timely filed the motion. On August 11, 2006, the magistrate judge denied the motion. On September 6, 2006, the Director filed a notice of appeal as to both the original judgment and the denial of the rule 59(e) motion.

**II.**

4

As a preliminary matter, we dismiss the Director's appeal as to the original judgment as untimely. Under FED. R. APP. P. 4(a)(1)(A), a notice of appeal is timely if filed within 30 days of the entry of judgment. A timely filed Rule 59 motion for new trial will delay the running of the time for appeal until the entry of the last order disposing of the motion. FED. R. CIV. P. 59; FED. R. CIV. P. 4(a)(4). As the Director concedes, the district court lacked the power to enlarge the time to file the Rule 59(e) motion. FED. R. CIV. P. 6(b). Because the Rule 59(e) motion was not timely filed, it did not extend the time in which to file the notice of appeal. As a result, the Director's notice of appeal, filed August 11, 2006, is not timely as to the June 30, 2006 judgement.

The Director urges us to apply the unique circumstances exception, which would allow its appeal to be heard on the merits based on reliance on the trial court's indication of timeliness. Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 386-87 (1964) (per curiam); but see, e.g., U.S. v. Heller, 957 F.2d 26, 31 (1st Cir. 1991) and Panhorst v. U.S., 241 F.3d 367,

370-73 (4th Cir. 2001) (calling the existence of this exception into doubt). We need not reach any question as to the exception's validity today, because even assuming arquendo that the exception is still an accepted part of our precedent, the Director has failed to identify a "specific assurance by a judicial officer" on which the Director could have relied. See Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989) ("By its terms, Thompson applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done."). Accordingly, we DISMISS the portion of the Director's appeal related to the magistrate judge's June 30, 2006 judgment.

## III.

The Director next argues that its post-judgment Rule 59(e) motion should be construed as a timely Rule 60(b)(4) motion, as it challenges the magistrate judge's authority to enter its judgement. Were we to accept that line of argument, we would review the magistrate judge's

6

order de novo. See Dyer v. Johnson, 108 F.3d 607, 609 (5th Cir. 1997); Recreational Properties, Inc. v. Southwest Mortgage Serv. Corp., 804 F.2d 311, 313-14 (5th Cir. 1986). We need not decide the question today, however, as the magistrate judge's ruling cannot withstand review even under the more deferential abuse of discretion standard typically applied to Rule 59(e) motions. Hess v. Cockrell, 281 F.3d 212, 215 (5th Cir. 2002).

The provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern this case. AEDPA limits federal habeas relief to state prisoners where their claim was adjudicated on the merits in state court by requiring them to show that the decision (1) was contrary to or an unreasonable application of clearly-established federal law, as announced by the Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts given the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). The magistrate judge's ruling, while acknowledging this standard, does not directly address

7

the question of whether Mr. Haygood has a clearly established federal constitutional right to a hearing on a motion for new trial.

To the extent that Texas state statutes provide a right to a motion for new trial or a hearing on such a motion, "[w]e will not review a state court's interpretation of its own law in a federal habeas corpus proceeding." Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991), see also TEX. R. APP. P. 21. Furthermore, we have held that the denial of a motion for new trial does not necessarily constitute a violation of a federal constitutional right. See Dickerson, 932 F.2d at 1145. Similarly, we have held in the past that the Supreme Court has not clearly established whether other constitutional rights, such as the Sixth Amendment right to counsel, attach at this phase; indeed, we have noted that a circuit split exists on the issue. See Mayo v. Cockrell, 287 F.3d 336, 339-40 (5th Cir. 2002). Given such precedent, we find it an abuse of discretion for the magistrate judge to have simply assumed that the right in

8

question is a clearly established federal constitutional right. Accordingly, we VACATE his conditional award of habeas relief and REMAND for further proceedings consistent with this opinion.

In so doing, we further note that, should the magistrate judge find that a clearly established federal constitutional right has been violated, he must then determine whether the error in question is harmless. See Brecht v. Abrahamson, 507 U.S. 619, 635 (1993) (noting that the court must apply the harmless error standard).[1] Finally, we observe that we have, in the past, frowned upon grants of habeas relief that compel state courts to reopen proceedings. See Moore v. Dretke, 369 F.3d 844, 846 (5th Cir. 2004); Dixon v. Beto, 472 F.2d 598, 599 (5th Cir. 1973) ("The federal courts are not empowered to order the state courts to make remedies available nor are

---

[1] The court in Brecht goes on to derive the formulation of standard on habeas review from the federal harmless error statute, 28 U.S.C. § 2111, at least where errors are of the trial type. Brecht v. Abrahamson, 507 U.S. 619, 635 (1993). We do not speak today as to whether the alleged violation constitutes that type of error, but leave it to the district court's determination.

they authorized to dictate the type of hearing which is to be conducted by the state courts.").

## IV.

For the reasons given above, we DISMISS the Director's appeal from the magistrate judge's June 30, 2006 judgment. We VACATE and REMAND the magistrate judge's disposition of the Director's Rule 59(e) motion for further proceedings consistent with this opinion.