IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-51380

ANDRE HAYGOOD,

Petitioner-Appellee,

v.

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:06-CV-26

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The state appeals the conditional grant of a writ of habeas corpus to Andre
Haygood.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

This case is before us for the second time. See Haygood v. Quarterman, 239 F. App'x 39 (5th Cir. 2007). The underlying facts were laid out in our earlier opinion:

> In 2002, Andre Haygood was sentenced to life in Texas state court for the murder of John Brown. He filed a motion for new trial, which the trial court denied. The motion was based on newly-discovered evidence, in which Mr. Haygood asserted that a man named Sean Jones, while incarcerated, told another inmate, Lucas Huckleberry, that someone other than Mr. Haygood had shot Mr. Brown, and that Mr. Haygood could not have done it. The state trial court held a hearing on the motion; Mr. Jones was furnished with a lawyer for that purpose. At the hearing, Mr. Jones invoked his Fifth Amendment right to avoid self-incrimination and refused to answer any questions. Mr. Huckleberry initially testified as to what Jones would have said about witnessing the murder of Mr. Brown. After extensive argument, the trial court denied Mr. Huckleberry's testimony as inadmissible hearsay, holding that Mr. Jones's statements did not rise to the level of statements against his penal interest. Accordingly, the trial court denied Mr. Haygood's motion for new trial.

> Mr. Haygood's conviction was affirmed on direct appeal; the Court of Criminal Appeals then refused his petition for discretionary review. In 2005, that same court denied his state application for habeas corpus without written order, based on the findings of the trial court.

> Mr. Haygood then sought federal habeas relief, and both parties consented to proceed before a magistrate judge. He argued, inter alia, that his right to compulsory process under the Sixth Amendment should have overridden Mr. Jones's erroneous assertion of the Fifth Amendment right against self-incrimination. As he did on direct appeal, Mr. Haygood argues that the state court ruled inconsistently in permitting Mr. Jones to assert his Fifth Amendment privilege only to then rule that Mr. Huckleberry's testimony was inadmissible hearsay because Mr. Jones's statements were not against his penal interest. Although the magistrate judge denied the majority of Mr. Haygood's habeas claims, it granted relief on the question of whether the trial court properly permitted Mr. Jones to assert his Fifth Amendment privilege with such broad scope. As a

> result, the magistrate judge declined to vacate Mr. Haygood's conviction, but instead conditioned habeas relief on the requirement that the state courts convene a proper inquiry into the legitimacy and scope of Mr. Jones's assertion of his Fifth Amendment privilege.
>
> The judgment was entered June 30, 2006. On July 14, 2006, the Director filed a motion for an extension of time to file a Rule 59(e) motion to alter or amend the judgment. The magistrate judge granted the extension until July 27, 2006, at which time the Director timely filed the motion. On August 11, 2006, the magistrate judge denied the motion. On September 6, 2006, the Director filed a notice of appeal as to both the original judgment and the denial of the rule 59(e) motion.

Id. at 40-41.

We dismissed the original appeal as untimely and found the Federal Rule of Civil Procedure 59(e) motion untimely as well. Id. at 41. The state therefore urged that we treat the untimely rule 59(e) motion as a timely Federal Rule of Civil Procedure 60(b)(4) motion. Id. Because the ruling of the magistrate judge (sitting by consent and hereinafter referred to as the district court) could not withstand rule 59(e)'s abuse of discretion reviewSSmuch less the de novo review required of rule 60(b)(4)SSwe vacated and remanded with instruction to determine whether a clearly established federal constitutional right had been violated and, if so, whether the error was harmless. Id. at 42.

The district court ordered the parties to submit briefs consonant with our prompt. Haygood filed first, and in addition to addressing the prompted issue, he objected to our exercise of jurisdiction. The state replied. The court agreed with Haygood and found that it lacked jurisdiction to rule on the state's post-judgment motion, because this court had determined the motion was untimely. The state appealed and moved the district court to stay its order, but the court refused.

The state then filed a second post-judgment motion, explicitly labeled a rule 60(b) motion, which raised the same claims as had the original rule 59(e)

motion. The court denied that motion as well. The state appealed again; we stayed the judgment.

## II.

On remand, the district court initially declined our directive requiring an inquiry into whether the right asserted by Haygood was clearly established, and if so, whether the violation of that right was harmless. Our opinion deemed the state's rule 59(e) motion to have been untimely. According to the district court, that holding stripped this court of its power to review the appeal, because the requirement that post-trial motions be timely is jurisdictional. See United States Leather, Inc. v. H&W P'ship, 60 F.3d 222, 225 (5th Cir. 1995). Failure to raise a post-trial motion in a timely manner deprives the district court of jurisdiction to alter or reconsider its judgment. Id. It followed, according to the district court, that, because we had held the original notice of appeal was untimely, there was nothing for that courtSSor this oneSSto review.

The state urges that this was error and contrary to the law of the case doctrine, which requires courts to comply with the dictates of a superior court on remand. "On remand, the only issues properly before the district court [are] those that [arise] from the remand." United States v. Griffith, 522 F.3d 607, 610 (5th Cir.), petition for cert. filed (U.S. June 25, 2008) (No. 08-5022). Further, "absent manifest error, or an intervening change in the law, an appellate court's decision of a legal issue, whether explicitly or by necessary implication, establishes the law of the case and must be followed in all subsequent proceedings in the same case." Carnival Leisure Indus., Ltd. v Aubin, 53 F.3d 716, 718-19 (5th Cir. 1995). The district court apparently believed we had committed manifest error by entertaining the substance of the appeal at all following our finding the rule 59(e) motion untimely. That view was mistaken.

Our caselaw requires that

4

> [w]hether this court treats the motion under Rule 59(e) or Rule 60(b) depends on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).

Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n.3 (5th Cir. 1991). Even if only impliedly, we necessarily treated the untimely rule 59(e) motion as a timely rule 60(b) motion. It is also implausible to argue that such implication was too subtle, in light of our addressing the possibility of reviewing the state's motions under the rule 59(e) or 60(b)(4) standards. See Haygood, 239 F. App'x at 41-42. If we considered the appealSSand the only legitimate way in which we could have done so was to review the motion under rule 60(b)SSthen that is in fact what we did. Our decision to forgo an explicit decision on which rule to follow was explicitly aimed only at the standard of review. Id. at 42. We conclude that both this court and the district court have jurisdiction over the instant case.

### III.

We now review the district court's ruling on the state's second post-judgment motion. Ordinarily, post-judgment motions are reviewed for abuse of discretion. Hand v. United States, 441 F.2d 529, 530 (5th Cir. 1971). There is no discretion on the part of the district court with respect to rule 60(b)(4),[1] however, because, "either a judgment is void or it is valid." 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2862, at 324 (2d ed. 1995); see Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998). The state presses that the district court erred in refusing to grant its post-judgment motion under either rule

---

[1] Rule 60(b)(4) provides that a party may be relieved from final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4) (amended eff. Dec. 1, 2007).

60(b)(4) or (6).[2]  We disagree.

## A.

We do not accept the state's theory that the judgment is void.  A judgment is void only if "the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 WRIGHT ET AL., supra, § 2862, at 326-329 (footnotes omitted).  The state does not allege either of these bases for granting the rule 60(b)(4) motion.  To the extent that we have read this standard more broadly to encompass the "failure to follow relevant law," Carter, 136 F.3d at 1006, such is not the case here.

Though the state obviously finds fault with the district court's ruling regarding the existence of a clearly established right and the harm resulting from its violation, a difference of legal opinion is not sufficient to re-open judgment.[3] Nor do we follow the state in believing that the district court acted beyond its power when it fashioned relief.  Courts have broad discretion in devising habeas relief.  See Hilton v. Braunskill, 481 U.S. 770, 775 (1987).

It is true that our prior opinion said that this circuit frowns on grants of habeas writs that compel state courts to reopen proceedings.  Haygood, 239 F. App'x at 42.  But this was not an absolute bar.  Instead, "the real thrust of the order is to alert the state court to the constitutional problem and notify it that the infirmity must be remedied."  Smith v. Lucas, 9 F.3d 359, 367 (5th Cir. 1993).  The infirmity in this case dealt with the interaction of the Fifth Amend-

---

[2] Rule 60(b)(6) states that a party may be relieved from final judgment for "any other reason that justifies relief."

[3] Although we noted in our earlier opinion that the district court did not directly address the issues required by 28 U.S.C. § 2254(d) (Supp. V 2005), we simultaneously noted that the court did acknowledge the standard.  Haygood, 239 F. App'x at 42.  In other words, we determined not that the court used inappropriate bases for deciding the case, but that the bases needed to be made more explicit.  The ruling on the rule 60(b) motion satisfies that.

ment privilege against self-incrimination with the Sixth Amendment right to compulsory process. The district court conditioned Haygood's release on the state court's taking note of the full constitutional ramifications of that interaction.

For a judgment to be void, the court must have been acting extra-legally. Because there is no reason to believe the court lacked jurisdiction or acted outside the scope of the law, we do not find error in the refusal to vacate or change its judgment.

B.

We also do not agree that rule 60(b)(6) requires re-opening the judgment. That rule sits atop a deep well of equity. Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992). But even deep wells have bottoms. A request under the rule is granted only when "extraordinary circumstances" obtain.[4] Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 748 (5th Cir. 1995). The determination of such circumstances is left to the sound discretion of the district court. 11 WRIGHT, supra, § 2864, at 376. The state has not convinced us that the full merits of this case had not been adjudicated before entry of judgment, much less after the back-and-forth that this case enjoyed. See Warfield v. Byron, 436 F.3d 551, 555-56 (5th Cir. 2006). Without compelling reasons for believing a district court should have used its equity powers, there is no reason to force the court to do so. The state has not produced such reasons.

---

[4] Rule 60(b)(6) is not an alternative to an appeal, especially where a mistake of law is at issue. See Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002). The state's arguments sound in their entirety in the alleged legal errors the district court made. Moreover, there is no dispute that this motion is before us precisely because the state did not timely appeal.

IV.

The issue is not whether we agree with the result reached by the district court, nor, properly speaking, is the question whether the district court actually reached the correct result.  Rather, the issue is whether that court had discretion in affirming its judgment.  It did, so that is all we review here.

AFFIRMED.