# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2012

Lyle W. Cayce
Clerk

No. 11-30728
Summary Calendar

LUCAS J. RODDY,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-800

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lucas J. Roddy, Louisiana prisoner # 458846, has applied for a certificate of appealability (COA) to appeal the district court's dismissal, on procedural grounds, of claims raised in his 28 U.S.C. § 2254 petition. Roddy was convicted by a jury of second degree murder and is serving a sentence of life imprisonment.

A COA may be issued only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The COA determination under § 2253(c)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court's denial of relief is based upon procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Roddy does not challenge the district court's dismissal, as unexhausted, of his claim regarding the denial of DNA testing of clothing allegedly worn by the perpetrator. Failure to identify an error in the district court's analysis has the same effect as not appealing a judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, a COA is DENIED as to the district court's dismissal of Roddy's claim regarding the denial of DNA testing.

Roddy argues that the district court erred in dismissing his remaining claims as time barred. Specifically, he asserts that the district court erroneously determined that his state post-conviction relief application ceased to be properly filed because he did not timely file a writ application in the Louisiana Supreme Court. Roddy points to a prison mail request form, supplemented into the record by order of the magistrate judge, that purports to show that on November 10, 2009, he submitted for mailing a writ application to the Louisiana Supreme Court. He asserts that his writ application was timely filed given operation of the prison mailbox rule, *see Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009), and that therefore he was entitled to statutory tolling from the date that he filed his application for state post-conviction relief until November 5, 2010, when the Louisiana Supreme Court denied his writ application. *See* 28 U.S.C. § 2244(d)(2). He maintains that his § 2254 petition, filed on November 22, 2010, was not untimely.

No. 11-30728

Roddy has shown that jurists of reason would debate the correctness of the district court's procedural ruling. *See Slack*, 529 U.S. at 484. Roddy's claims of ineffective assistance of trial counsel, violations of *Brady v. Maryland*, 373 U.S. 83 (1963), denial of the right to testify, and prejudice resulting from the cumulative effect of the alleged violations of his rights, are claims of constitutional deprivations. We express no view on the resolution of the above claims and observe only that Roddy's has made a sufficient showing to warrant the grant of a COA. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648-50 (2012); *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Accordingly, a COA is GRANTED as to the district court's dismissal of these claims as time barred. The district court must resolve the factual question of whether Roddy timely placed his writ application in the prison mail system and further briefing on this issue before this court would not be helpful; therefore, the case should be remanded without further proceedings before this court at this time. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998) (stating that, in appropriate cases, this court may grant COA, vacate judgment, and remand without requiring further briefing). IT IS FURTHER ORDERED that the judgment is VACATED IN PART, and this case is REMANDED IN PART to the district court for further proceedings consistent with this opinion.