# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2021

Lyle W. Cayce
Clerk

No. 19-60588

Matthew Huskey,

*Plaintiff—Appellant*,

*versus*

Mary Jones, *Captain (Unit 29)*; Derrick Munford, *Captain (Unit 29)*; "John Doe" Griffin, *Lieutenant (Key Control)*; Donovan Clark, *Officer (Unit 29)*; Tommy Herring, *Officer (K-9 Unit)*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:17-CV-140

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Michael Huskey brought suit against Defendants-Appellees for conduct that occurred during his incarceration at the Mississippi State Penitentiary ("MSP"). The district court granted

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60588

summary judgment in favor of Defendants. Because it is unclear whether we have jurisdiction over Huskey's appeal, this case is REMANDED.

## I. Facts & Procedural History

Huskey alleges that on September 8, 2016, while seeking care at a medical clinic, officers forced his face into a wall, yelled that he had a knife, took his shoes and pants off, and took turns slapping him in the face and head while he was restrained. According to Huskey, after the incident, Captain Mary Jones left him in flex cuffs for about an hour, refused to let him see a nurse, and then refused to transport him to the hospital after the doctor informed her that it was prison policy to do so. He alleged that, when he was taken to the hospital for an x-ray six days later, a doctor told him his arm was broken. Huskey brought suit under 42 U.S.C. § 1983.[1]

The district court held a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and dismissed some of Huskey's claims while allowing him to proceed with claims that Defendants used excessive force against him and denied him adequate medical care. The defendants filed a motion for summary judgment, arguing that Huskey's claims should be dismissed for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). Huskey opposed summary judgment, arguing that he satisfied the PLRA's administrative exhaustion requirements by filing

---

[1] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

No. 19-60588

grievances and attempting to appeal his rejections before being told that he was not allowed to appeal them.

The magistrate judge granted the motion for summary judgment and dismissed the case for failure to exhaust administrative remedies. The court entered judgment on April 4, 2019. Huskey filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) dated April 27, 2019, but not post-marked until May 3, 2019. The magistrate judge accepted Huskey's motion but denied it. The magistrate judge subsequently granted Huskey's motion to proceed in forma pauperis on appeal. Huskey appealed, and filed a motion to appoint counsel, which was carried with the case.

## II. Discussion

Huskey raises several arguments as to why the district court erred in granting summary judgment to the defendants. However, because Huskey's appeal is potentially time-barred, we cannot yet reach its merits. While neither side nor the district court raised this issue, a timely notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). It cannot be waived or forfeited. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017). "In contrast to the ordinary operation of our adversarial system, courts are obliged to notice jurisdictional issues and raise them on their own initiative." *Id.*

A notice of appeal in a civil action must be filed within 30 days of entry of the judgment from which the appeal is taken. Fed. R. App. P. 4(a)(1)(A); *accord* 28 U.S.C. § 2107(a). However, a motion to alter or amend judgment under Rule 59(e) that is timely filed within 28 days of judgment extends the time for filing a notice of appeal until 30 days after disposition of the motion. Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e). Huskey filed his notice of appeal on August 8, 2019, well more than 30 days after entry of judgment on April 4, 2019 but within 30 days of entry of the

3

No. 19-60588

order denying his Rule 59(e) motion on July 15, 2019. However, it is uncertain whether Huskey timely filed his Rule 59(e) motion. "An untimely [Rule 59(e)] motion, even if acted upon by the district court, cannot toll the time for filing a notice of appeal." *Washington v. Patlis*, 868 F.2d 172, 174 (5th Cir. 1989).[2]

Under the prison mailbox rule, a prisoner files a timely Rule 59(e) motion by depositing it in the prison mail system "on or before the last day for filing." FED. R. APP. P. 4(c)(1); *see Uranga v. Davis*, 893 F.3d 282, 285 (5th Cir. 2018) (explaining that this court has extended the prison mailbox rule to Rule 59(e) motions). The mailbox rule applies "*as of the moment* the prisoner's document is delivered to prison officials for mailing to the district court clerk." *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011) (per curiam) (emphasis in original) (citation and brackets omitted). The prisoner can prove the date on which he filed the motion by submitting "a declaration," "a notarized statement," or "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." FED. R. APP. P. 4(c)(1)(A)(i)–(ii).

Because the court entered judgment on April 4, 2019, Huskey's Rule 59(e) motion was due by May 2, 2019. Huskey's motion states that it was signed April 27, 2019. However, the envelope attached to the motion was post-marked on May 3, 2019, a day after his deadline.

---

[2] *Compare Haygood v. Quarterman*, 239 F. App'x 39, 41 (5th Cir. 2007) ("Because the Rule 59(e) motion was not timely filed, it did not extend the time in which to file the notice of appeal."), *with Thompson v. Sharad*, 788 F. App'x 971, 972 (5th Cir. 2019) ("Thompson's postjudgment motion, which was filed within this additional 30-day period, sufficed as a motion under Rule 4(a)(5).").

No. 19-60588

In a declaration, Huskey explained that on April 28, 2019, he placed an Inmate Legal Assistance Program ("ILAP") form in his cell door to be picked up and put in the legal box, and that the form was picked up during the 7:00 p.m. count. On April 30, he asked the tower officer to call the law library regarding his request for assistance, and the officer reported that she received no answer. The following day, he again asked the tower officer to call, and there was again no response. On May 2, at Huskey's request, the officer called the library again and stated that he had a deadline that day; Huskey was informed that the law librarian had not been at work all week and she would try to get to him that day. In his declaration, Huskey argued that these circumstances should excuse "the lateness of the motion." At the end of the declaration, Huskey certified that on May 3, 2019, he "caused to be mailed via [the] Inmate [L]egal Assistance Program . . . the foregoing documents." Huskey later filed a request for a status update with the district court stating that he had filed a motion to alter or amend on May 3, and asking if the motion was before the court or if he needed to file a notice of appeal. He then wrote a second request for a status update in which he clarified that he gave his motion to alter or amend to the law librarian on May 3, 2019. The court on July 15, 2019 denied Huskey's motion.

The federal rules do not permit extensions of time to file Rule 59(e) motions. FED. R. CIV. P. 6(b)(2), *see also Haygood*, 239 F. App'x at 41 (stating "the district court lacked the power to enlarge the time to file the Rule 59(e) motion"). The magistrate judge accepted Huskey's filing, but made no reference to whether Huskey satisfied the prison mailbox rule. In the court's order denying Huskey's Rule 59 motion, the court notes that such a motion "must be filed within 28 days of entry of judgment." However, without any discussion of the facts leading up to Huskey's filing of the motion, we cannot infer that the court made a factual determination that

Huskey's submission of the inmate assistance form into his cell door satisfied the mailbox rule.

We are unable to determine whether Huskey timely filed his Rule 59(e) motion with the record before us. The date on which a pro se pleading is deposited in the prison mail system is a factual inquiry. *See Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009). Huskey does not clarify whether he attached his motion to the assistance form. He reports that the date that he gave the motion to the law librarian was May 3, 2021, a day past the deadline. However, it is unspecified whether there were any other occasions on or before May 2 in which Huskey gave his motion to a prison official. As Huskey was potentially unaware of the prison mailbox rule, he may not have specified such an occasion in his declaration as he may have believed he needed to deliver the motion to the librarian for it to count as being filed. As we cannot know for sure that May 3 was the date "the prisoner's document [was] delivered to prison officials for mailing to the district court clerk," it remains unclear on what date the prison mailbox rule applied. *See Thaler*, 660 F.3d at 840.

As our court sua sponte raised this issue, Huskey has not had the chance to further explain the events leading up to the filing of his motion. Additionally, neither side has had the opportunity to argue whether Huskey's apparent substantial compliance with the prison handbook's procedures would allow the submission of the assistance form by itself to count as

No. 19-60588

satisfaction of the prison mailbox rule.[3] In other cases where it is unclear whether a prisoner has satisfied the prison mailbox rule, we have remanded to the district court to resolve this type of factual question. *See Stoot*, 570 F.3d at 672; *Roddy v. Cain*, 467 F. App'x 292, 293 (5th Cir. 2012). Accordingly, we remand this case to the district court for consideration of this issue.

### III. Conclusion

For the foregoing reasons, we REMAND this case to the district court for further proceedings not inconsistent with this opinion. We retain jurisdiction over this limited remand, after which we will determine whether we have jurisdiction to hear the merits of Huskey's appeal. This appeal shall return to the same panel. Because this proceeding is now remanded, we DENY Huskey's motion to appoint counsel as moot.[4]

---

[3] The online Mississippi Department of Corrections Inmate Handbook explains that in order to mail a legal filing through ILAP, the prisoner must fill out a legal assistance request form and place it an assigned area for pickup by the tower officer. MISSISSIPPI DEPARTMENT OF CORRECTIONS, INMATE HANDBOOK, https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_X.pdf (last accessed May 24, 2021). It notes that "[i]nmates will be given notice of ILAP service days. Inmates will be fully dressed and have legal paperwork ready to receive services on their assigned day." *Id.* It additionally states that "[s]hould Court . . . deadlines fall on a date prior to the inmate's scheduled service day, the inmate should complete an ILAP request form and submit it to the tower officer along with proof of the deadline. The officer will telephone ILAP so ILAP staff can provide services prior to the deadline." *Id.* Huskey argues that the lower court erred by taking judicial notice of this handbook. A court may judicially notice a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Relevant here, this court has held that it may take judicial notice of grievance procedures listed on a state's website. *See Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam).

[4] However, given the complexity of the issues raised in Huskey's appeal, we recommend that the district court consider appointing counsel on remand.